# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:09-CV-195 (HL) |
| : | |
| **$14,066.00 IN UNITED STATES FUNDS,** : | |
| : | |
| Defendant Property, : | |
| : | |
| **ERIC RICH,** : | |
| : | |
| Claimant. : | |

## ORDER

This case is before the Court on the Government's Motion to Compel Deposition Testimony of Claimant (Doc. 23). The Motion to Compel is granted.

On July 30, 2010, the Court entered an order allowing the Government to take Claimant's deposition on August 3, 2010. Pursuant to that order, the Government attempted to take Claimant's deposition. According to the Motion to Compel, Claimant would not sit for his deposition, stating that he would not give his deposition without counsel. Claimant explained his objection in the context of the Fifth Amendment right against self-incrimination, fearful that he may place himself in jeopardy if he testified under oath without an attorney present. The Government has now moved for an order to compel Claimant's deposition testimony.

The Court deferred ruling on the Motion to Compel, and requested additional information from the Government. That information has been provided to the Court (Doc. 25). The Government maintains its position that Claimant is not entitled to counsel, and notes that Claimant has proceeded *pro se* in this action since its initial filing. More important to the Court, however, the Government states:

> This forfeiture action was filed *in rem* and is against the Defendant Property, not against Mr. Rich, in his personal capacity. The United States has not given immunity to Mr. Rich for his deposition testimony; however, for the reasons discussed, it is the Government's view that Mr. Rich's related criminal case in this District has been completed and that jeopardy has attached for the same. The undersigned is unaware of any pending criminal investigation against Mr. Rich by the United States Attorney's Office for the Middle District of Georgia and it has no intention of revisiting his past criminal conduct for which he has already been charged, pleaded guilty, and been sentenced.

(Doc. 25).

As reflected in its previous order, the Court had concerns about whether there was any possibility of additional prosecution against Claimant which might arise out of the deposition testimony or the charge Claimant originally pleaded guilty to. It appears from the Government's response that the Government does not intend to bring additional charges against Claimant based on any deposition testimony he may give in this civil case.

In light of the fact that Claimant has been proceeding *pro se*, has not moved the Court for the appointment of counsel, and will not be prosecuted further based

2

on his deposition testimony, the Court finds that Claimant is not entitled to appointed counsel in this case. The Motion to Compel is granted. The Government is directed to file a motion for leave to conduct the deposition on a date certain. In its order on the motion for leave, the Court will direct Claimant to provide deposition testimony or face dismissal of his claim.

**SO ORDERED**, this the 16th day of August, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh